UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Corey Donovan

   v.                                                        Case No. 22-cv-215-JL

Joseph P. Mahoney, III, et al.[1]

**O R D E R**

Before the court for preliminary review, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1), is federal prisoner Corey Donovan's Complaint (Doc. No. 1). He asserts that his June 19, 2019 warrantless arrest at a gas station in Andover, New Hampshire involved the arresting officers' use of excessive force and an absence of probable cause, and that an ensuing police cover-up involving fabricated testimony gave rise to a malicious prosecution, in violation of his rights under the Fourth and Fourteenth Amendments. The plaintiff asserts claims for damages under 42 U.S.C. § 1983 and state tort law, naming the officers involved in that incident and their municipal employers as the defendants.

---

[1] The defendants named in the Complaint are Andover Police Chief Joseph P. Mahoney, III; Danbury Police Chief David Suckling; Danbury Police Sgt. Spencer Marvin; (former) Hill Police Chief Andrew J. Williamson; and the Towns of Andover, Danbury, and Hill, New Hampshire.

**Preliminary Review Standard**

This court conducts a preliminary review of complaints filed by prisoners seeking relief from government agents. See LR 4.3(d)(1); see also 28 U.S.C. § 1915A. Claims may be dismissed, sua sponte, if the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A). In considering whether the complaint states a claim, the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in the plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). The court construes pro se pleadings liberally. See De Paula Vieira v. De Souza, 22 F.4th 304, 311 (1st Cir. 2022).

**Background**

On January 13, 2020, a jury in Merrimack County Superior Court convicted Mr. Donovan of a single felony count of drug possession, while acquitting him of multiple charges of attempting to take a gun from a law enforcement officer, being a

felon in possession of a dangerous weapon, and resisting arrest, arising from his January 19, 2019 arrest.  Mr. Donovan appealed his conviction, and the New Hampshire Supreme Court ("NHSC") reversed his conviction and remanded the matter, upon finding that the arresting officers had seized Mr. Donovan in violation of his rights under the N.H. Constitution.  See State v. Donovan, No. 2020-0404, 2022 N.H. LEXIS 100, 2022 WL 3330490 (N.H. Aug. 12, 2022).  The remand has resulted in the reopening of his prosecution in Superior Court.  See State v. Donovan, No. 217-2019-cr-00584 (N.H. Super. Ct., Merrimack Cty.).

## Discussion

The existence of the reopened prosecution in Superior Court warrants an examination of the application of the Younger abstention doctrine here.  See generally Younger v. Harris, 401 U.S. 37 (1971); see also Heck v. Humphrey, 512 U.S. 477, 487 n.8 (1994) ("if a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings").  The court may raise the issue of Younger abstention sua sponte.  See Rivera-Feliciano v. Acevedo-Vilá, 438 F.3d 50, 59-60 (1st Cir.

2006).

Under Younger, federal courts must generally abstain from enjoining or issuing declaratory relief in federal cases that would affect state criminal prosecutions, where the criminal prosecution is currently pending, important state interests are implicated, and the federal-court plaintiff will have an adequate opportunity to raise federal defenses in the state proceeding.  See Sirva Relocation, LLC v. Richie, 794 F.3d 185, 196 (1st Cir. 2015).  Where Younger applies, abstention is mandatory, and the abstaining federal court is deprived of discretion to grant injunctive or declaratory relief.[2]  See Colo. River Water Conserv. Dist. v. United States, 424 U.S. 800, 816 n.22 (1976); Sirva Relocation, 794 F.3d at 192.  Younger abstention may be effected through a stay if the relief requested is damages.  See Rossi v. Gemma, 489 F.3d 26, 38 (1st Cir. 2007); Landrigan v. City of Warwick, 628 F.2d 736, 743-44

---

[2] The few extraordinary circumstances where abstention is not required include state prosecutions brought in bad faith for purposes of harassment, cases in which the state forum provides inadequate protection of federal rights, and cases where the statute at issue in the state proceedings is "'flagrantly and patently violative of express constitutional prohibitions.'" Sirva Relocation, 794 F.3d at 192 (citations omitted).  Nothing in the Complaint suggests any bad faith or harassment involved in the remand of Mr. Donovan's criminal case, the inadequacy of the state forum, or any other extraordinary circumstances that could exempt this case from abstention under Younger.

4

(1st Cir. 1980).

Here, the first two factors pertinent to the applicability of Younger abstention are clearly satisfied: the underlying state prosecution is ongoing by virtue of the NHSC remand order, and important state interests relating to the enforcement of state criminal laws and the vindication of state constitutional rights are implicated.  As to the third factor, however, this court cannot conclude upon the limited record before it whether all of Mr. Donovan's federal claims could be asserted in the state criminal case, given the nature of the January 13, 2020 jury verdict and the NHSC remand order.  Cf. Manning v. Tefft, 839 F. Supp. 126, 129 (D.R.I. 1994) (declining to stay § 1983 excessive force claim where issues in parallel criminal prosecution were unrelated to that claim, "staying that claim will indefinitely postpone the trial," and "proceeding with the federal suit does no violence to principles of comity").

This court is aware that the Superior Court in the remanded criminal case issued an Order on October 11, 2022, and that the case is also scheduled for a status conference on December 14, 2022.  This court's uncertainty as to the nature, scope, and anticipated course of further criminal proceedings in Mr. Donovan's case, potentially warranting a stay under Younger

5

here, may be addressed if plaintiff were to report on the status of that matter, including the issues, if any, that remain to be adjudicated, as well as that case's schedule.  Accordingly, this court takes its preliminary review of the Complaint under advisement, and directs Mr. Donovan, on or before December 30, 2022, to report on the status of his state criminal prosecution, and either move for a stay, or show cause why this matter should not be stayed, while State v. Donovan, No. 217-2019-cr-00584 (N.H. Super. Ct., Merrimack Cty.), including any appeal in that matter, remains pending in the state courts.

## Conclusion

For the foregoing reasons, the court directs as follows:

1.   On or before December 30, 2022, Mr. Donovan must file either a motion for a stay of this case, or a statement showing cause why this case should not be stayed, pending the conclusion of proceedings in State v. Donovan, No. 217-2019-cr-00584 (N.H. Super. Ct., Merrimack Cty.), whether by a final judgment on the merits (including any appeal in that matter), or by a decision by the state to abandon or forego further prosecution.  Mr. Donovan's response to this Order must include a status report regarding that remanded criminal case, to which he may attach,

as exhibits here, any pertinent state court order dated on or after October 11, 2022, setting forth a schedule for that case, or identifying the issues that remain to be adjudicated.

    2.   This court takes its preliminary review of the Complaint under advisement, until it receives Mr. Donovan's response to this Order.

    SO ORDERED.

                                             _____
                                           Andrea K. Johnstone
                                         United States Magistrate Judge

October 20, 2022

cc:   Corey Donovan, pro se