## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **Corey Donovan,** | ) | |
| **Plaintiff** | ) | |
| **v.** | ) | **Civil Action No. 1:22-cv-00215-JL** |
| | ) | |
| **Joseph P. Mahoney, III, et al.** | ) | **Jury Trial Demanded** |
| **Defendants** | ) | |
| | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES OF ANDREW J. WILLIAMSON AND TOWN OF HILL TO PLAINTIFF'S COMPLAINT

Now Come Defendants, Andrew J. Williamson and Town of Hill (collectively referred to as "Hill Defendants"), by their counsel, Gallagher, Callahan & Gartrell, PC, and submit this Answer and Affirmative Defenses to Plaintiff's Complaint[1] as follows:

### INTRODUCTION

1.      This introductory paragraph contains Plaintiff's statement regarding the nature of his complaint to which no response is necessary. To the extent some response is necessary, Hill Defendants deny that Plaintiff is entitled to the relief he seeks in this litigation.

2.      This introductory paragraph contains Plaintiff's statement regarding the nature of his complaint to which no response is necessary. To the extent some response is necessary, Hill Defendants deny that Plaintiff is entitled to the relief he seeks in this litigation

3.      Hill Defendants admit that on June 19, 2019, Plaintiff appeared asleep or passed out in a vehicle that was parked near Circle K in Andover, New Hampshire and that they received a report that Plaintiff was asleep or passed out.

---

[1] Hill Defendants employ Plaintiff's headings in this answer for ease of reference only and otherwise deny any factual allegations contained within Plaintiff's headings.

4.      This introductory paragraph contains legal conclusions to which no response is required. To the extent some response is required, Hill Defendants admit that the officers acted under color of state law but deny the remaining allegations in this paragraph.

5.      This paragraph contains legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph as framed.

## VENUE AND JURISDICTION

6.      This paragraph contains legal conclusions regarding jurisdiction to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the applicable law.

7.      This paragraph contains legal conclusions regarding jurisdiction to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the applicable law.

8.      This paragraph contains legal conclusions regarding venue to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the applicable law.

## PARTIES

**PLAINTIFF**

9.      Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

10.      Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

**DEFENDANTS**

## DEFENDANT JOSEPH P. MAHONEY III

11.     Hill Defendants admit the allegations within the first two sentences of this paragraph. The remaining allegations are conclusions of law to which no response is required.

## DEFENDANT DAVID SUCKLING

12.     Hill Defendants admit the allegations within the first two sentences of this paragraph. The remaining allegations are conclusions of law to which no response is required.

## DEFENDANT SPENCER MARVIN

13.     Hill Defendants admit the allegations within the first two sentences of this paragraph. The remaining allegations are conclusions of law to which no response is required.

## DEFENDANT ANDREW J. WILLIAMSON

14.     Hill Defendants admit the first sentence in this paragraph. The remaining allegations are conclusions of law to which no response is required.

15.     Hill Defendants admit the allegations in this paragraph.

## DEFENDANT TOWN OF ANDOVER

16.  Hill Defendants admit the factual allegations contained in this paragraph.

## DEFENDANT TOWN OF DANBURY

17.     Hill Defendants admit the factual allegations in this paragraph but Hill Defendants are without sufficient information to admit or deny whether Chief Suckling or Sgt. Marvin are presently employed by the Town of Danbury.

18.      Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

## DEFENDANT TOWN OF HILL

19.     Hill Defendants admit the allegations within the first two sentences of this paragraph. The remaining allegations are conclusions of law to which no response is required.

## FACTUAL SUMMARY

20.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

21.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

22.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

23.     Hill Defendants admit that a call was placed to police dispatch, which included a request for a welfare check regarding individuals passed out in a green jeep and provided a license plate number.

24.     Hill Defendants admit that a call was made to the police to check on two individuals in a vehicle and a license plate number was provided but the remaining allegations in this paragraph are denied as framed.

25.     Hill Defendants admit that Chief Mahoney responded to a call.

26.     Hill Defendants admit that Chief Williamson, Chief Suckling, and Sgt. Marvin provided assistance to Chief Mahoney but deny the remaining allegations in this paragraph as framed.

27.     Hill Defendants admit the allegations in this paragraph.

28.     This paragraph refers to written documentation which speaks for itself. To the extent some response is necessary, Hill Defendants deny the allegations in this paragraph to the extent inconsistent with the referenced written documentation.

4

29.     Hill Defendants admit the allegations in this paragraph.

30.     Hill Defendants deny the allegations in this paragraph as framed.

31.     Hill Defendants admit that the officers exited their vehicles but deny the remaining allegations as framed.

32.     Hill Defendants admit that Plaintiff and the passenger in the vehicle appeared to be either asleep or passed out in the vehicle, and some officers attempted to see into the vehicle to discern the condition of the occupants but otherwise deny the remaining allegations in this paragraph as framed.

33.     Hill Defendants deny the allegations in this paragraph as framed.

34.     Hill Defendants deny the allegations in this paragraph as framed.

35.     Hill Defendants deny the allegations in this paragraph as framed.

36.     Hill Defendants admit the allegations in this paragraph.

37.     Hill Defendants are without sufficient information to admit or deny whether Plaintiff was "confused." Hill Defendants admit that Plaintiff provided his license and registration but deny the remaining allegations in this paragraph as framed.

38.     Hill Defendants admit the allegations in this paragraph.

39.     Hill Defendants admit that Chief Suckling and Sgt. Marvin stood by the passenger's side of the Plaintiff's vehicle and saw a black case in the backseat of the vehicle, which they reasonably believed was a gun case. Hill Defendants deny the remaining allegations in this paragraph as framed.

40.     Hill Defendants admit the allegations in this paragraph.

41.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

42.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

43.     Hill Defendants deny the allegations in this paragraph as framed.

44.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

45.     Hill Defendants deny the allegations in this paragraph as framed.

46.     Hill Defendants admit the allegations in this paragraph.

47.     The allegations within this paragraph refer to body camera footage which speaks for itself. Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the body camera footage.

48.     Hill Defendants admit the allegations in this paragraph.

49.     Hill Defendants deny the allegations in this paragraph as framed.

50.     Hill Defendants admit that Chief Mahoney did not have a warrant to seize the vehicle occupied by Plaintiff but otherwise deny the remaining allegations in this paragraph as framed.

51.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

52.     Hill Defendants deny the allegations in this paragraph.

53.     Hill Defendants are without sufficient information to admit or deny what Plaintiff noticed as alleged in this paragraph and, therefore, deny such allegation. Hill Defendants otherwise admit the remaining allegations in this paragraph.

54.     Hill Defendants admit the allegations in this paragraph.

55.     Hill Defendants admit the allegations in this paragraph.

6

56.     Hill Defendants admit the allegations in this paragraph.

57.     Hill Defendants admit only that Plaintiff was not using or threatening to use the machete as a weapon at the time they initially interacted with Plaintiff. Hill Defendants deny the remaining allegations in this paragraph as framed.

58.     Hill Defendants deny the allegations in this paragraph as framed.

59.     Hill Defendants deny the allegations in this paragraph as framed.

60.     Hill Defendants admit that Plaintiff made his hands visible and exited the vehicle. Hill Defendants deny the remaining allegations in this paragraph as framed.

61.     Hill Defendants admit the first two sentences in this paragraph but deny the remaining allegations in this paragraph as framed.

62.     Hill Defendants admit the allegations in this paragraph.

63.     Hill Defendants admit the allegations in this paragraph.

64.     Hill Defendants admit the allegations in this paragraph.

65.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

66.     Hill Defendants deny the allegations in this paragraph as framed.

67.     Hill Defendants deny the allegations in this paragraph as framed.

68.     This paragraph refers to body camera footage that speaks for itself. Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the referenced body camera footage.

69.     Hill Defendants deny the allegations in this paragraph as framed.

70.     This paragraph refers to body camera footage that speaks for itself. Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the referenced body camera footage.

71.     Hill Defendants deny the allegations in this paragraph as framed.

72.     Hill Defendants deny the allegations in this paragraph as framed.

73.     Hill Defendants deny the allegations in this paragraph as framed.

74.     Hill Defendants deny the allegations in this paragraph as framed.

75.     Hill Defendants deny the allegations in this paragraph as framed.

76.     Hill Defendants admit that Plaintiff pushed off the vehicle and attempted to get to the side of the vehicle but otherwise deny the remaining allegations in this paragraph as framed.

77.     Hill Defendants deny the allegations in this paragraph as framed.

78.     This paragraph refers to body camera footage that speaks for itself. Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the referenced body camera footage.

79.     Hill Defendants deny the allegations in this paragraph as framed.

80.     This paragraph refers to written documentation that speaks for itself. Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the referenced documentation and further deny that the individual defendants acted in "malicious sync."

81.     This paragraph refers to written documentation that speaks for itself. Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the referenced documentation.

82.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

83.     Hill Defendants deny the allegations in this paragraph.

84.     Hill Defendants deny the allegations in this paragraph.

85.     This paragraph refers to body camera footage that speaks for itself. Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the referenced body camera footage.

86.     This paragraph refers to body camera footage that speaks for itself. Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the referenced body camera footage.

87.     Hill Defendants deny the allegations in this paragraph as framed.

88.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

89.     Hill Defendants deny the allegations in this paragraph.

90.     Hill Defendants admit that a taser was used in response to Plaintiff's noncompliance and active resistance but deny the remaining allegations in this paragraph as framed.

91.     This paragraph is not a factual allegation and instead reflects Plaintiff's assertion regarding what body camera footage will show, which requires no response. To the extent some response is required, Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the body camera footage.

92.     Hill Defendants admit that a witness recorded a portion of the incident with a cell phone and made a statement while recording but otherwise deny the remaining allegations contained in this paragraph as framed.

93.     Hill Defendants admit that a witness recorded a portion of the incident with a cell phone and made a statement while recording but otherwise deny the remaining allegations contained in this paragraph as framed.

94.     Hill Defendants deny the allegations in this paragraph as framed.

95.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

96.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

97.     Hill Defendants deny the allegations in this paragraph as framed.

98.     Hill Defendants admit that Chief Suckling utilized a taser but deny the remaining allegations in this paragraph as framed.

99.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

100.    Hill Defendants deny the allegations in this paragraph as framed.

101.    Hill Defendants admit the allegations in this paragraph.

102.    Hill Defendants admit that Plaintiff was handcuffed and subsequently appeared nonresponsive after being handcuffed but otherwise deny the remaining allegations in this paragraph as framed.

103.    Hill Defendants admit the allegations in this paragraph.

104.    Hill Defendants admit that some officers believed the handcuffs may be too tight but otherwise deny the remaining allegations in this paragraph as framed.

105.    Hill Defendants admit the allegations in this paragraph.

106.    Hill Defendants admit that Plaintiff received treatment while waiting for an ambulance. Hill Defendants deny the remaining allegations in this paragraph as framed.

107.    Hill Defendants deny the allegations in this paragraph as framed.

108.    Hill Defendants deny the allegations in this paragraph as framed.

109.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

110.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed

111.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

112.    Hill Defendants admit the allegations in this paragraph.

113.    Hill Defendants deny the allegations in this paragraph as framed.

114.    Hill Defendants deny the allegations in this paragraph as framed.

115.    Hill Defendants admit the allegations in this paragraph.

116.    Hill Defendants admit that a trooper interacted with Chief Williamson but deny the remaining allegations in this paragraph as framed.

117.    This paragraph refers to body camera footage that speaks for itself. Hill Defendants deny the allegations in this paragraph to the extent they are inconsistent with the referenced body camera footage.

118.     Hill Defendants admit that Chief Mahoney obtained search warrants but deny the remaining allegations in this paragraph as framed.

119.     Hill Defendants deny the allegations in this paragraph as framed.

120.     Hill Defendants deny the allegations in this paragraph as framed.

121.     Hill Defendants admit that the Town did not conduct an investigation but otherwise deny the remaining allegations in this paragraph as framed.

122.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

123.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

### *Mr. DONOVAN's Criminal Investigation*

124.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

125.     Hill Defendants admit the allegations in this paragraph.

126.     Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed

127.     Hill Defendants admit the allegations in this paragraph.

128.     Hill Defendants admit the allegations in this paragraph.

129.     This paragraph refers to sworn testimony and body camera footage which speaks for itself. Hill Defendants deny the allegations contained within this paragraph to the extent they are inconsistent with the referenced sworn testimony and body camera footage.

130.     Hill Defendants deny the allegations in this paragraph as framed.

131.     Hill Defendants admit the allegations in this paragraph.

132.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

133.    Hill Defendants admit that Plaintiff filed an appeal with the New Hampshire Supreme Court.

134.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

135.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

136.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

137.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

138.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

139.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

140.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

141.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

142.    Hill Defendants are without sufficient information to admit or deny the allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

143.    Hill Defendants are without sufficient information to admit or deny the

allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

144.    Hill Defendants are without sufficient information to admit or deny the

allegations in this paragraph and, therefore, deny the allegations in this paragraph as framed.

## LEGAL CLAIMS

### FIRST CLAIM

**42 U.S.C. § 1983 - Violations of the 4th and 14th Amendments of the US Constitution
and Violations of Part 1 Article 19 of the New Hampshire Constitution
Unreasonable Search, Seizure and Arrest
(Against All Defendants)**

145.    Hill Defendants repeat and incorporate by reference all responses as if fully

restated herein.

146.    This paragraph contains legal conclusions to which no response is required. To

the extent some response is required, Hill Defendants deny the allegations in this paragraph to

the extent they are inconsistent with the applicable law.

147.    This paragraph contains legal conclusions to which no response is required. To

the extent some response is required, Hill Defendants deny the allegations in this paragraph to

the extent they are inconsistent with the applicable law.

148.    This paragraph contains legal conclusions to which no response is required. To

the extent some response is required, Hill Defendants deny the allegations in this paragraph to

the extent they are inconsistent with the applicable law.

149.    Hill Defendants deny the allegations in this paragraph.

150.    This paragraph constitutes legal conclusions to which no response is required. To

the extent some response is required, Hill Defendants deny the allegations in this paragraph.

151.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

152.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

153.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

154.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

155.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

156.    Hill Defendants deny the allegations in this paragraph.

157.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

158.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

159.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

160.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

161.    Hill Defendants deny the allegations in this paragraph.

## SECOND CLAIM

**42 U.S.C. § 1983 – Violation of the 4th Amendment of the US Constitution
Unreasonable Excessive Use of Force and Deadly Force
(Against All Defendants)**

162.    Hill Defendants repeat and incorporate by reference all responses as if fully restated herein.

163.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

164.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

165.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

166.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

167.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

168.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

169.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

170.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

171.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

172.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

173.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

174.    Hill Defendants deny the allegations in this paragraph.

175.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

176.    Hill Defendants deny the allegations in this paragraph.

177.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

178.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

## THIRD CLAIM

**42 U.S.C. § 1983 - Violations of the 4th and 14th Amendments of the US Constitution
Conspiracy to Violate Constitutional Rights
(Against All Defendants)**

179.    Hill Defendants repeat and incorporate by reference all responses as if fully restated herein.

180.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

181.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

182.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

183.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

184.     This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

185.     This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

186.     This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

187.     This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

**FOURTH CLAIM**

**42 U.S.C. § 1983 – Violation of 4th, 5th, and 14th Amendments of the US Constitution**
**False Statements and Fabrication of Evidence**
**(Against Defendants Mahoney, Suckling, Marvin, and Williamson)**

188.     Hill Defendants repeat and incorporate by reference all responses as if fully restated herein.

189.     This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

190.     This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

191.    Hill Defendants deny the allegations in this paragraph.

192.    Hill Defendants deny the allegations in this paragraph.

193.    Hill Defendants deny the allegations in this paragraph.

194.    Hill Defendants deny the allegations in this paragraph.

195.    Hill Defendants deny the allegations in this paragraph.

196.    Hill Defendants deny the allegations in this paragraph.

18

197.    Hill Defendants deny the allegations in this paragraph.

## FIFTH CLAIM

### Common Law – Assault and Battery
### (Against Defendants Mahoney, Suckling, Marvin, and Williamson)

198.    Hill Defendants repeat and incorporate by reference all responses as if fully restated herein.

199.    This paragraph constitutes legal conclusions to which no response is required. To the extent some response is required, Hill Defendants deny the allegations in this paragraph.

200.    Hill Defendants deny the allegations in this paragraph.

201.    Hill Defendants deny the allegations in this paragraph.

202.    Hill Defendants deny the allegations in this paragraph.

### Enhanced Compensatory Damages

203.    Hill Defendants repeat and incorporate by reference all responses as if fully restated herein.

204.    Hill Defendants deny the allegations in this paragraph.

205.    Hill Defendants deny the allegations in this paragraph.

## PRAYERS FOR RELIEF

A. – G.  Hill Defendants hereby request that this Honorable Court deny the Plaintiff's requests for relief contained in Paragraphs A - G. By way of further response, Hill Defendants assert that Plaintiff is not entitled to any relief arising out of or otherwise related to Plaintiff's complaint.

## JURY DEMAND

Hill Defendants hereby demand a jury by trial.

## AFFIRMATIVE DEFENSES

A.      Hill Defendants deny liability and damages.

B.      Hill Defendants deny violating Plaintiff's constitutional, federal, state, statutory, or common law rights.

C.      Plaintiff's complaint fails to state proper claims for which relief may be granted.

D.      Plaintiff's alleged damages were the result of Plaintiff's fault and unlawful conduct.

E.      Plaintiff's alleged damages were caused, in whole or in part, by Plaintiff's violation of statutes, ordinances, regulations, policies, or other legal authority governing the conduct of the parties at the time that said injuries or damages were sustained, and/or because he posed a direct threat at the time.

F.      Hill Defendants at all times acted in the public interest of promoting and protecting public safety and good order in accordance with existing laws, policies, and practices.

G.      Hill Defendants are immune from liability on all federal law claims under the doctrine of qualified immunity. See Harlow v. Fitzgerald, 475 U.S. 800 (1982).

H.      Hill Defendants are immune from liability on all state law claims under the doctrine of official immunity. See Everitt v. Gen. Elec., Co., 156 N.H. 202 (2007).

I.      Hill Defendants are entitled to raise the defenses of statutory and common law immunities, including but not limited to R.S.A. 507-B, R.S.A. 507:8-d, and R.S.A. 627, *et seq*.

J.      Plaintiff's state law claims are limited by the provisions of RSA 507-B:4.

K.      Plaintiff has failed to mitigate his damages.

L.      Hill Defendants' actions were not the proximate cause of injury to plaintiff.

M.      No punitive or enhanced damages are warranted or permitted in this matter.

N.      Hill Defendants' actions were justified or privileged.

20

O.      Hill Defendants adopt any affirmative defense raised by any other defendant to the extent such affirmative defense is applicable to Hill Defendants.

P.      Hill Defendants reserve the right to add additional defenses as discovery proceeds.

**WHEREFORE**, Hill Defendants respectfully request the following affirmative relief:

1.      Dismiss the Plaintiff's Complaint;

2.      Grant judgment in favor of Hill Defendants;

3.      Provide a jury to decide all issues so triable; and

4.      Award attorneys' fees and costs to Hill Defendants.

Respectfully submitted,

**ANDREW J. WILLIAMSON AND
TOWN OF HILL**

By Their Attorneys

**GALLAGHER, CALLAHAN & GARTRELL, P.C.**

Dated:  May 31, 2023          By:___/s/ Matthew V. Burrows_____
                                        Matthew V. Burrows, Esq. (#20914)
                                        Keelan B. Forey, Esq. (#272933)
                                        214 North Main Street
                                        Concord, NH  03301
                                        603-228-1181
                                        burrows@gcglaw.com
                                        forey@gcglaw.com

CERTIFICATE OF SERVICE

        I hereby certify that a copy of the foregoing was sent this date to all parties/counsel of record via the Court's electronic filing system and to Plaintiff at his record address via U.S. mail.

Dated:  May 31, 2023          By:___/s/ Matthew V. Burrows_____
                                        Matthew V. Burrows, Esq. (#20914)